AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

FILED
CLERK, U.S. DISTRICT COURT
NOV - 9 2020
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Yesenia Herrera
*Petitioner*

v.

United States District Court
Yesenia Herrera
*Respondent*
(name of warden or authorized person having custody of petitioner)

) CV20-10854-DSF  fee Jul
) Case No. CR 15-00633-SJO-3
) (Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Yesenia Herrera
   (b) Other names you have used: ___

2. Place of confinement:
   (a) Name of institution: FCI Dublin
   (b) Address: 5701 8th St. Dublin, CA 94568
   (c) Your identification number: 72900-112

3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: United States District Court Central District of California
   (b) Docket number of criminal case: CR-15-00633-SJO-3
   (c) Date of sentencing: December 11, 2017
   ☐ Being held on an immigration charge
   ☐ Other (explain): ___

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

    ☐ Pretrial detention

    ☐ Immigration detention

    ☐ Detainer

    ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

    ☐ Disciplinary proceedings

    ☐ Other (explain):

6. Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court: **FBOP**

    (b) Docket number, case number, or opinion number: **CR 15-00633-SJO-3**

    (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):
    **Calculation of my Credits**

    (d) Date of the decision or action: **March 6, 2020**

## Your Earlier Challenges of the Decision or Action

7. First appeal

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ☒ Yes          ☐ No

    (a) If "Yes," provide:

    (1) Name of the authority, agency, or court: **FBOP**

    (2) Date of filing: **5-25-20**
    (3) Docket number, case number, or opinion number: **CR 15-00633-SJO-3**
    (4) Result: **Denied**
    (5) Date of result: **6-5-20**
    (6) Issues raised: **Credit me back the state credits that were taken from me.**

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes         ☒ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____

   (b) If you answered "No," explain why you did not file a second appeal: This was the next step available to me

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes         ☒ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ☐ Yes     ☒ No

   If "Yes," answer the following:

   (a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

   ☐ Yes     ☐ No

   If "Yes," provide:
   (1) Name of court: _____
   (2) Case number: _____
   (3) Date of filing: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

   (b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

   ☐ Yes     ☒ No

   If "Yes," provide:
   (1) Name of court: _____
   (2) Case number: _____
   (3) Date of filing: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

 (c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11. **Appeals of immigration proceedings**

 Does this case concern immigration proceedings?

 ☐ Yes    ☒ No

  If "Yes," provide:

 (a) Date you were taken into immigration custody: _____
 (b) Date of the removal or reinstatement order: _____
 (c) Did you file an appeal with the Board of Immigration Appeals?

  ☐ Yes    ☐ No

  If "Yes," provide:
  (1) Date of filing: _____
  (2) Case number: _____
  (3) Result: _____
  (4) Date of result: _____
  (5) Issues raised: _____

 (d) Did you appeal the decision to the United States Court of Appeals?

  ☐ Yes    ☐ No

  If "Yes," provide:
  (1) Name of court: _____
  (2) Date of filing: _____
  (3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____
_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____
_____
_____
_____
_____
_____
_____

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Retaliatory calculation of sentence by BOP resulting in additional time to serve in institution.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Shortly after losing my appeal, BOP sent me a new sentence computation in which I was not given credit for any of the time served in state on related conduct. This was retaliation on behalf of the government due to the fact that I exercised my constitutional right to appeal. There is no other explanation for why BOP is now crediting me less time than they originally did.

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes            ☐ No

**GROUND TWO:** _____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes            ☐ No

**GROUND THREE:** _____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes            ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes            ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do: I am requesting for BOP to credit me back the time from 6·25·14 to 11·22·14 that I originally was granted by them

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

11-4-20

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 11-4-20

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

On December 11, 2017 I was sentenced to 120 months with 309 days credit from state custody. (See ex. A) In May 2018 I wrote to BOP requesting those credits because I was only given 5 months 6-25-14 to 11-22-14 (see ex B) In return I received a notice stating. It doesn't matter what the judge ordered for me to receive. Its up to BOP to decide. Now on March 6, 2020. I lost my appeal and in retaliation the Government cross-appealed those credits (when during my sentencing they had agreed to grant them). The judge granted their request to strike from my judgement "the phrase" where I'm ordered the state credits, because the prerogative to grant credits rests with the BOP (see ex C). Shortly after I received a new computation with those credits removed (see ex D). I'm requesting to have the credits from 6-25-14 to 11-22-14 that I served on related conduct to this case returned to me. For 1) Its count 4 on my indictment. 2) BOP errored in stating they were court ordered to remove credits when its at their discretion if I receive them (see remarks on Ex D) and 3) Removing the credits I've already been granted is a violation of my Constitution of rights because it was based on retaliation for exercising my right to appeal. Thank you for taking the time to look into my case I'll be looking forward to a timely response.

Case 2:15-cr-00633-SJO Document 213 Filed 12/11/17 Page 1 of 5 Page ID #:1016

(Ex A)

**United States District Court**
**Central District of California**

| UNITED STATES OF AMERICA vs. | Docket No. | CR 15-00633 SJO-3 |
|---|---|---|
| **Defendant** HERRERA, Yesenia | Social Security No. 0 3 7 2 | |
| akas: Nickname: Jessie | (Last 4 digits) | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Dec. | 11. | 2017 |

**COUNSEL** — Angel Navarro, Appointed
(Name of Counsel)

**PLEA** — [X] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDERE [ ] NOT GUILTY

**FINDING** — There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of:
**21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A)(viii): Conspiracy to Distribute Methamphetamine as charged in Count 1 of the Indictment. 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(viii): Distribution of Methamphetamine as charged in Count 4 of the Indictment.**

**JUDGMENT AND PROB/ COMM ORDER** — The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

All fines are waived as it is found that such sanction would place an undue burden on the defendant's dependents.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Yesenia Herrera, is hereby committed on Counts One and Four of the Indictment to the custody of the Bureau of Prisons for a term of 120 months. This term consists of 120 months on each of Counts One and Four of the Indictment, to be served concurrently.

The Bureau of Prisons shall determine defendant's eligibility for the 500 RDAP hour drug treatment program.

The Court Orders that the defendant shall receive credit for all time served while in federal custody and also the defendant shall receive an additional 309 days credit that she's served on related conduct in state custody.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of

```
DUBBN   540*23  *           SENTENCE MONITORING           *   08-28-2019
PAGE 002        *           COMPUTATION DATA              *   10:12:58
                            AS OF 08-28-2019

   REGNO..: 72900-112  NAME: HERRERA, YESENIA


   -------------------------CURRENT COMPUTATION NO: 010 -------------------------

   COMPUTATION 010 WAS LAST UPDATED ON 01-24-2018 AT DSC AUTOMATICALLY
   COMPUTATION CERTIFIED ON 01-26-2018 BY DESIG/SENTENCE COMPUTATION CTR

   THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
   CURRENT COMPUTATION 010: 010 010

   DATE COMPUTATION BEGAN............: 12-11-2017
   TOTAL TERM IN EFFECT..............:  120 MONTHS
   TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS
   EARLIEST DATE OF OFFENSE..........: 11-07-2013

   JAIL CREDIT.......................:   FROM DATE    THRU DATE
                                          06-25-2014   11-22-2014
                                          07-03-2015   07-03-2015
                                          09-01-2015   09-01-2015    (Ex B)
                                          10-02-2015   10-03-2015
                                          01-15-2016   12-10-2017

   TOTAL PRIOR CREDIT TIME...........: 851
   TOTAL INOPERATIVE TIME............: 0
   TOTAL GCT EARNED AND PROJECTED..: 470
   TOTAL GCT EARNED..................: 216
   STATUTORY RELEASE DATE PROJECTED: 04-28-2024
   EXPIRATION FULL TERM DATE.........: 08-11-2025
   TIME SERVED.......................:      4 YEARS       16 DAYS
   PERCENTAGE OF FULL TERM SERVED..:     40.4

   PROJECTED SATISFACTION DATE.....: 04-28-2024
   PROJECTED SATISFACTION METHOD...: GCT REL

   REMARKS.......: FEDERAL JUDGE ORDERED THE I/M TO REC' 309D OF JAIL CREDIT
                   WHILE IN STATE CUSTODY. ON 11-21-14 I/M WAS SENT TO 365D, PM/N




G0002        MORE PAGES TO FOLLOW . . .
```

(Ex C)

served credits under 18 U.S.C. § 3585(b).[1] *Id.* at 909. We therefore strike from the judgment the phrase: "The Court Orders that the defendant shall receive credit for all time served while in federal custody and also the defendant shall receive an additional 309 days credit that she's served on related conduct in state custody." *See id.* ("strik[ing] from the judgment the phrase 'with credit for time served from the defendant's arrest on August 9, 2006'" because the district court lacked authority to award such a credit).

2. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Herrera's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Herrera the opportunity to file a pro se supplemental brief, and none has been filed. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal.

Counsel's motion to withdraw is therefore **GRANTED**, and Herrera's convictions are **AFFIRMED**. As amended, the judgment and sentences are **AFFIRMED**.

---

[1] Because the district court awarded time-served credits under § 3585(b), we do not reach the United States' alternative arguments regarding the availability of an adjustment or departure under the Sentencing Guidelines.

```
DUBE6   540*23  *         SENTENCE MONITORING          *    04-06-2020
PAGE 002 OF 002 *         COMPUTATION DATA             *    07:25:52
                          AS OF 04-06-2020

REGNO..: 72900-112 NAME: HERRERA, YESENIA


-------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-30-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-04-2020 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 12-11-2017
TOTAL TERM IN EFFECT............:  120 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   10 YEARS
EARLIEST DATE OF OFFENSE........: 11-07-2013

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   07-03-2015   07-03-2015
                                   09-01-2015   09-01-2015
                                   10-02-2015   10-03-2015        (Ex D)
                                   01-15-2016   12-10-2017

TOTAL PRIOR CREDIT TIME.........: 700
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 540
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 07-18-2024
EXPIRATION FULL TERM DATE.......: 01-09-2026
TIME SERVED.....................:     4 YEARS     2 MONTHS     25 DAYS
PERCENTAGE OF FULL TERM SERVED..:  42.3

PROJECTED SATISFACTION DATE.....: 07-18-2024
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS........: FEDERAL JUDGE ORDERED THE I/M TO REC' 309D OF JAIL CREDIT
                 WHILE IN STATE CUSTODY. ON 11-21-14 I/M WAS SENT TO 365D, PM/N
                 12-12-19 GCT UPDATE PURSUANT TO FSA..SLR/N
                 3-30-20 PER COURT ORDER, REMOVED JAIL CREDIT (06-25-2014 THRU
                 11-22-2014), ALB/N.




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

Herrera,

Below is the e-mail sent to FCI Dublin regarding the attached paper work. Team November sent it via e-mail as a response regarding the letter you mailed them. Hence it explains why we do not have a copy of your original envelope or paperwork.

C. Virgen-Magallon. (see below) 6.12.2020

>>> GRA-DSC/Team November~ 6/5/2020 10:01 AM >>>

The inmate on the above mentioned case has requested jail credit for 06-15-2014 to 11-22-14 (attached).

Per the courts order the jail credit was removed. (attached)

Thank you

A.M.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Instructions

1. **Who Should Use This Form.** You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form.** You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition.** The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

4. **Supporting Documents.** In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee.** You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court.** Mail your petition and ____ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address.** You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

Case 3:21-cv-02408-JCS   Document 1   Filed 11/09/20   Page 17 of 17





Federal Correctional Institution
Yesenia Herrera #72900-112 (F)
5701 8th St
Dublin, CA 94568

◇72900-112◇
United States Courthouse
255 E Temple ST
Suite Ts-134
LOS Angeles, CA 90012
United States



RECEIVED
CLERK, U.S. DISTRICT COURT

NOV - 9 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY