UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YESENIA HERRERA,
    Petitioner,

v.

THAHESHA JUSINO,
    Respondent.

Case No. 21-cv-02408-JCS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner seeks habeas relief under 28 U.S.C. § 2241 in the form of custody credits from her state sentence she believes should be applied to her federal sentence. Respondent has filed an answer to the petition. Petitioner has not filed a traverse or any response to the answer.

Respondent correctly contends that the petition should be denied on grounds that petitioner failed to exhaust her administrative remedies and she is not entitled to the prior custody credits because they had been applied to her prior state sentence. Also, petitioner's contention that the denial of credits was retaliatory is unsupported. Accordingly, the petition is DENIED.

The parties have consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c). (Dkt. Nos. 8 and 14.)

The Clerk shall modify the docket to reflect that the sole respondent in this action is the Warden of FCI-Dublin, Thahesha Jusino. The Clerk shall terminate United States District Court as a respondent.

# BACKGROUND

The following facts are undisputed unless specifically noted otherwise. Petitioner, a federal prisoner who is housed at FCI-Dublin, is serving a 120-month sentence following her convictions in the United States District Court for Central District of California for conspiracy to distribute methamphetamine (21 U.S.C. §§ 846, 841(b)(1)(A)(viii)), and distribution of methamphetamine (21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)). (Pet., Dkt. No. 1 at 1; Ans., Dkt. No. 15 at 2; Dkt. No. 15-1 at 55.)

**i.  Petitioner's Sentence and Credits**

**a.  Petitioner's State Sentence**

On November 21, 2014, petitioner was sentenced in California state court to a 36-month probation term and to 365 days of jail time following her state convictions for the possession for sale of a controlled substance. (Ans., Dkt. No. 15 at 2; Dkt. No. 15-1 at 29.) The state court ordered petitioner to serve 309 days, which is the sum of the 155 days of credit for actual days and the 154 days of good time. (*Id.*, Santa Barbara County Superior Court Sentencing Order, Dkt. No. 15-1 at 48.) She was released from state custody on November 22, 2014, after having served 151 days in custody since her June 25, 2014 arrest. (*Id.*, Kelly Decl., Dkt. No. 15-1 at 3; Ventura County Detention Services Booking Sheet, Dkt. No. 15-1 at 18-19.)

**b.  Petitioner's Federal Sentence**

On January 22, 2016, petitioner was arrested by federal authorities and placed into federal custody for conduct giving rise to the methamphetamine charges detailed above. (Ans., Central District Presentence Report, Dkt. No. 15-1 at 23.) On December 11, 2017, she was sentenced in the United States District Court for the Central District of California to 120 months of imprisonment. (*Id.*, Dkt. No. 15-1 at 55.) The district court ordered that petitioner "shall receive an additional 309 days credit that she's served on related conduct in state custody." (*Id.*)

**c.  Federal Sentence Computation and Credits**

How much prior custody crime credit a person receives toward his or her federal

2

sentence is controlled by 18 U.S.C. § 3585(b). Under section 3585(b), the Bureau of Prisons (BOP) must give prior custody credit for any time spent in "official detention" that "occurs after the date of the federal offense, so long as it has not been credited towards another sentence." (Ans., Dkt. No. 15 at 3.) Section 3585(b) precludes the use of double-credit: A defendant is only entitled to a credit "that has not been credited against another sentence." If a court orders that credit be awarded that is not authorized under BOP policy, "the BOP shall provide such credit and seek the assistance of appropriate U.S. Attorney's Office to resolve the BOP's concerns." (Ans., Dkt. No. 15 at 3.)

Because the amount of the district court's credit award exceeded the amount allowed by BOP policy, the BOP sent a letter to the prosecuting Assistant United States Attorney asking for assistance. (*Id.*, Letter to AUSA, Dkt. No. 15-1 at 65-66.) The letter stated that petitioner had been in state detention for 151 days, but "applying this credit is contrary to 18 U.S.C. § 3585(b) as it had already been applied to Ms. Herrera's state sentence." (*Id.* at 65.) Because of the district court's order, however, the BOP did initially grant 151 days of credit, which is the maximum it could award under the statute. (Ans., Dkt. No. 15 at 4.)

On appeal the Ninth Circuit Court of Appeals struck the sentencing court's jail credit order. It concluded that the district court lacked the authority to grant these credits because the authority rests with the BOP. (Ans., Ninth Circuit Memorandum Disposition, Dkt. No. 15-1 at 73-74.) Petitioner's sentence was then recalculated: the BOP took away the 151 days of credit, but added 700 days of credit for other time spent in official detention. (*Id.*, Dkt. No. 15 at 4.)

Petitioner asks for the restoration of credits based on the time she spent in state prison, specifically the 151 days from June 25, 2014 to November 22, 2014. (Pet., Dkt. No. 1 at 8.) She asserts in a conclusory fashion that the BOP denied her the credits in retaliation for her filing a direct appeal. (*Id.* at 6-7.)

ii. **Administrative Exhaustion**

Respondent contends petitioner has not filed any grievances with the BOP and

3

therefore has not exhausted her administrative remedies. (Ans., Dkt. No. 15 at 5.) In support of this, respondent has submitted a declaration by Jennifer Vickers, a paralegal for the BOP at the Western Regional Office. Vickers avers she searched the BOP's database for any grievances petitioner may have filed and that, based on this search, she found that "Petitioner had not filed any administrative remedies at any level within the Bureau of Prisons regarding this prior custody credit." (Ans., Vickers Decl., Dkt. No. 15-2 at 1-2.) Vickers appends a copy of an administrative remedy generalized retrieval search in support of her declaration. (*Id.* at 4.)

It is unclear whether petitioner asserts she filed an administrative grievance. In the petition petitioner checked the YES box in response to the question "Did you appeal the decision, file a grievance, or seek an administrative remedy?" (Pet., Dkt. No. 1 at 2.) She says she filed it with the "FBOP" on May 25, 2020; gives the number as CR 15-00633-SJO-3; and says it was denied on June 5, 2020. (*Id.*) Respondent points out that the number is the case number of petitioner's federal criminal case and that June 5, 2020 is the date the Ninth Circuit issued its decision striking the district court's jail credit order. (Ans., Dkt. No. 15 at 6.)

**STANDARD OF REVIEW**

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**DISCUSSION**

Petitioner claims that prison officials have failed to give her sentencing credits for the time she served in state prison. Respondent contends petitioner is not entitled to habeas relief because (i) she has not exhausted her administrative remedies; and (ii) section 3585(b) precludes habeas relief.

4

### i. Failure to Exhaust

Section 2241 does not require that a habeas petitioner exhaust administrative remedies prior to filing suit. But the Ninth Circuit does "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) (abrogated on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). "Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Id.*

"[T]here are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)). "Specifically, exhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Id.* (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2nd Cir. 2003)).

Petitioner has not filed any response to respondent's answer and therefore has not disputed the contention she failed to exhaust her administrative remedies. Furthermore, there is little support in her petition that she exhausted. The case number she provides is the case number of petitioner's federal criminal case and the date of decision she gives is June 5, 2020, which is the date the Ninth Circuit issued its decision striking the district court's jail credit order.

Because there has been no response to the answer, petitioner also has not shown that the available remedies would not have provided a genuine opportunity for adequate relief, or that irreparable injury might have occurred, or that the process would have been

1  futile, or that she raised a substantial constitutional question.  Furthermore, respondent has
2  presented evidence by way of the Vickers declaration that petitioner has not exhausted.
3  Accordingly, the petition is DENIED on grounds of non-exhaustion.

**ii.    Relief Precluded by Section 3585(b)**

Even if petitioner had exhausted her claims, habeas relief is precluded because section 3585 forbids the double-counting of credits:  "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."  Because the state credits were applied to her state sentence, section 3585 bars their double-use toward her federal sentence.

Petitioner contends in a conclusory fashion that the BOP denied her the credits in retaliation for her filing a direct appeal.  (Pet., Dkt. No. 1 at 6-7.)  Petitioner presents no evidence for this.  Also, respondent presents the sound contention that "Contrary to Petitioner's contention that BOP's removal of the 151 days of credit was retaliatory (*see* ECF 1 at 6-7), BOP simply waited until the judicial process was complete before taking administrative action to remove the 151 days of credit."  (Ans., Dkt. No. 1 at 7.)

The petition is DENIED on the additional ground that section 3585 bars habeas relief.

**CONCLUSION**

The petition for habeas relief is DENIED.  The Clerk shall enter judgment in favor of respondent, and close the file.

There is no Certificate of Appealability requirement here.  *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition . . . Although state prisoners proceeding under § 2241 must obtain a COA, there is no parallel requirement for federal prisoners.") (internal citations omitted).

**IT IS SO ORDERED.**

**Dated:** June 13, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge